UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MARILYN BLOCH,

              Plaintiff,

  -against-

COMPTROLLER AND CITY OF NEW YORK,

              Defendant.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-469 (RRM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 0 9 2011 ★

BROOKLYN OFFICE

**MAUSKOPF, United States District Judge:**

Plaintiff Marilyn Bloch, a resident of Florida, brings this *pro se* action against the New York City Comptroller and New York City, alleging that they failed to prosecute Roberta Pike of Brooklyn, New York, who allegedly opened Plaintiff's mail and stole some of her checks. Plaintiff seeks damages. By Order dated December 30, 2010, the action was transferred from the United States District Court for the Southern District of New York.[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this Order. However, the action is dismissed for the reasons stated below.

## BACKGROUND

The following is the entirety of Plaintiff's statement of claim as set forth in her Complaint:

---

[1] Documents sent to Plaintiff at the address she provided to the Court, 7958 Pines Blvd., Pembroke, FL 30023, were returned by the United States Postal Service. Plaintiff is reminded that it is her obligation to keep the Court apprised of her mailing address.

> The crime occurred in Brooklyn at the home of the defendant in 25 Bay 29th St. Brooklyn, where The Bank sent her my checks. She opened them, and hid them for years lieing under oath she Did not have anything of mine. She hid the checks for a long time and plaintiff did not know She had them and never told plaintiff on her numerous phone calls and letters she had them. Facts: The fact is that she stole checks and money from the plaintiff's account without her Knowledge and she still refuses to return the checks to plaintiff.

(Compl. at 2.)

From the attachments, which include letters or certified mail receipts to Roberta Pike, Pike's employer, the New York City Police Department, Kings County District Attorney's Office, the New York City Comptroller's Office, and a Notice of Claim against the City of New York dated September 13, 2010, it is clear that Plaintiff has vigorously pursued the prosecution or punishment of Pike between July 2010 and November 3, 2011.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes Plaintiff's pleadings especially liberally because they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

Plaintiff has named the City of New York and the Comptroller of the City of New York as the only Defendants to this action. Construing the Complaint as brought pursuant to the Court's federal question jurisdiction and alleging a violation of her constitutional rights pursuant to 42 U.S.C. § 1983, Plaintiff has not stated a claim against Defendants.

2

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (even expert testimony as to the gross inadequacy of departmental procedures has been viewed by the Supreme Court as inadequate to establish a policy of "deliberate indifference" where only one incident of alleged police brutality was demonstrated at trial). Here, Plaintiff does not allege, and nothing in her Complaint or its attachments suggests, that any of the allegedly wrongful acts were attributable to a municipal policy or custom. Accordingly, there does not appear to be any basis for suing the City of New York. Thus, Plaintiff's § 1983 claim against the City of New York is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] Similarly, the Comptroller's office is an improper party to this action because it is a department of the City of New York and is therefore not subject to liability. *Jenkins v. City of New York*, No. 06-CV-182, 2007 WL 415171, at *11 n.19 (2d Cir. Feb. 6, 2007) (citing *Wray v. City of New York*, 340 F. Supp. 2d 291, 303 (E.D.N.Y. 2004) (quoting N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except were otherwise provided by law.")). Moreover, under Section 1983, liability can only be imposed against defendants in their individual capacities for "personal involvement . . . in alleged constitutional deprivations." *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (internal quotation marks omitted). Here, Plaintiff has not alleged facts suggesting any personal involvement of the Comptroller in her purported injury. Therefore, the Complaint against the Comptroller of the City of New York is dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Nor does Plaintiff state a claim under the Court's diversity jurisdiction for the alleged violation of her constitutional rights by the Defendants' failure to prosecute Roberta Pike. Even if the Court assumes, without deciding, that Plaintiff has met the amount in controversy requirement of 28 U.S.C. § 1332, Plaintiff has no viable claim against the City of New York or its Comptroller for the decision not to prosecute Roberta Pike. "There is no constitutional right to force an officer to make an arrest." *Lewis v. New York City Police Dep't*, No. 99-cv-952, 2000 WL 16955, at *4 (S.D.N.Y. Jan. 10, 2000). Otherwise stated, "'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'"*Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

Whereas, ordinarily, the Court would allow Plaintiff an opportunity to amend her pleading, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000), it need not afford that opportunity here because it is clear from the face of the Complaint that she has not stated a claim on which relief may be granted.[2]

## CONCLUSION

Accordingly, the Court dismisses the instant *pro se* Complaint for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma*

---

[2] The Court notes that Plaintiff brought a prior action in this Court against Roberta Pike, *Bloch v. Pike*, No. 09-CV-5503 (RRM)(SMG), in which all of her claims, including her claim for the unauthorized opening of mail, were dismissed without prejudice by Order dated June 22, 2010. The United States Court of Appeals for the Second Circuit dismissed the appeal by Mandate issued January 12, 2011.

*pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February , 2011

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge